# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: The Marriage/Children of:**

**Charles H.,**
**Respondent Below, Petitioner**

**FILED**

**May 3, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 17-0882** (Berkeley County 16-D-530)

**Ruby M.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles H.,[1] pro se, appeals the August 7, 2017, order of the Circuit Court of Berkeley County affirming the January 13, 2017, order of the Family Court of Berkeley County. In the January 13, 2017, order, the family court granted the parties a divorce and awarded the marital home and accompanying real estate to petitioner's wife, Respondent Ruby M.[2] Respondent, pro se, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The family court granted respondent's request to return to her maiden name and effectuated the name change by separate order entered January 20, 2017.

1

The parties married on December 23, 1988,[3] and last cohabitated together on June 13, 2016, in Berkeley County. Respondent filed a petition for divorce on June 24, 2016, and petitioner filed an answer on August 10, 2016, in the Family Court of Berkeley County. The family court held a final hearing on December 6, 2016. The parties informed the family court that the primary issue was that "both parties want[ed] the house." The parties agreed that they never actually lived in the marital home because it was under construction for a substantial portion of their marriage.[4] At the time of the December 6, 2016, hearing, construction was nearly complete and the parties stated that the necessary permits would be obtained to finish the house.

Respondent's attorney stated that respondent would waive her claim for spousal support if she was awarded the marital home and that respondent's arguments for being granted possession of the house were set forth in a separate motion. The family court responded that it had reviewed respondent's motion. Petitioner made no objection to the family court's consideration of respondent's motion that she be awarded the marital home. Similarly, petitioner failed to object to the family court's decision to follow respondent's pretrial memorandum in addressing ownership of various assets. When questioned by the family court, both parties answered that the house constituted a marital asset that belonged in the equitable distribution of property. The parties agreed that the marital home's appraised value was $142,000 and that the property was encumbered by a mortgage in the amount of $37,250 and a personal loan in the amount of $6,820.

By order entered January 13, 2017, the family court granted the parties a divorce and, as part of the equitable distribution, awarded the marital home and accompanying real estate to respondent. Accordingly, the family court required respondent to "remove [petitioner]'s name from the lien indebtedness . . . by December 1, 2017," and ordered that respondent was responsible for repaying both the mortgage and the personal loan. The family court further ordered that, "[t]o equalize [the] equitable distribution[, respondent] shall pay to [petitioner] the sum of $28,804.00, plus 5% statutory interest from the date of entry of [this order] with said payment due on or before December 1, 2017." Finally, the family court noted that both parties knowingly and voluntarily waived any claim for spousal support.

Petitioner appealed the family court's January 13, 2017, order to the Circuit Court of Berkeley County, arguing that the recording of the December 6, 2016, hearing did not have the portion of the hearing where the parties presented their evidence with regard to the possession of the marital home and accompanying real estate. The circuit court rejected petitioner's request that the case be remanded to the family court for a new hearing, finding that the record was sufficiently developed regarding the disposition of the martial home that no remand was required and that the facts pertaining to that issue were not in dispute. The circuit court further found that petitioner's argument—that the family court erred in considering respondent's motion and pretrial memorandum because respondent failed to timely serve those documents on petitioner—was

---

[3]The parties' marriage produced two children, both of whom were adults by the time of the December 6, 2016, final hearing.

[4]Respondent testified that construction began in 1997.

2

without merit. The circuit court concluded that the family court did not abuse its discretion in awarding the marital home to respondent as part of the equitable distribution and affirmed the family court's January 13, 2017, order.

Petitioner now appeals the circuit court's August 7, 2017, order affirming the family court's January 13, 2017, order that awarded the marital home and accompanying real estate to respondent. We review this matter under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

On appeal, petitioner argues that the circuit court erred in failing to remand this case for a new hearing before the family court because the recording of the December 6, 2016, hearing did not have the portion of the hearing where the parties presented their evidence with regard to the possession of the marital home. Rule 29 of the West Virginia Rules of Practice and Procedure for Family Court provides that:

> If essential portions of the recording of proceedings before a family court are inaudible or unavailable, the circuit court *may* recommit the case to the family court. The family court may then take evidence; and/or may accept from any party a proposed statement of the pertinent facts. Such statements shall include the maker's certification the facts are accurately presented to the best of that person's knowledge and belief, and shall be served on all parties. Any party may object to a proposed statement of facts by filing written objections with the family court within ten days of the date of service of the statement upon them.

(Emphasis added.). "The . . . use of the word 'may' usually renders the referenced act discretionary, rather than mandatory, in nature." Syl. Pt. 1, *Pioneer Pipe, Inc. v. Swain*, 237 W.Va. 722, 791 S.E.2d 168 (2016). Based on our review of the record, we conclude that the circuit court did not abuse its discretion in rejecting petitioner's request that the case be remanded to the family court for a new hearing. Furthermore, upon our review of the appellate record, we concur with the circuit court's findings that the record was sufficiently developed regarding the disposition of the martial home and that the facts pertaining to that issue were not in dispute.

The partial recording of the December 6, 2016, hearing reflects that the family court considered respondent's motion setting forth her reason for requesting possession of the marital home and accompanying real estate: that the property is adjacent to or near the properties of respondent's family members. Petitioner argues that he did not have an adequate time to review respondent's motion because that motion, together with her pretrial memorandum and witness list, were not timely served on him pursuant to Rule 6(d)(1)(A) of the West Virginia Rules of Civil

Procedure. Petitioner further argues that respondent failed to timely file those pleadings with the family court under West Virginia Trial Court Rule 6.01(c).

"[M]ost errors, including constitutional ones are subject to harmless error analysis . . . simply because it makes no sense to retry a case if the result assuredly will be the same." *Parham v. Horace Man Ins. Co.*, 200 W.Va. 609, 617 n.12, 490 S.E.2d 696, 704 n.12 (1997) (Internal quotations and citations omitted.); *see* Rule 61, W.V.R.C.P. (providing that "[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."). Here, assuming, arguendo, that respondent failed to timely serve and file her pleadings regarding the disposition of the marital home, we find that any error in the family court's consideration of the pleadings was harmless as petitioner's substantial rights were not affected. On appeal, petitioner argues that the real estate at issue was his sole and separate property prior to the marriage. However, when questioned by the family court as to whether the property constituted a marital asset that belonged in the equitable distribution of such assets, petitioner answered "yes, ma'am." Also, while petitioner quibbles over the distance between the marital property and respondent's parents' residence, petitioner's hand-drawn diagram is substantially the same as the diagram attached to respondent's motion in showing that the marital property is adjacent to or near the properties of respondent's relatives. Finally, the partial recording of the December 6, 2016, hearing reflects that respondent's alternative ground for divorce was that petitioner committed adultery and impregnated the woman with whom he was having an affair.[5] Given those allegations, we find that petitioner's claim that respondent's relatives would be amenable to living adjacent to or near him is not credible.

Having resolved petitioner's procedural arguments, we now address his substantive issue. Petitioner argues that in awarding the marital home to respondent the family court violated West Virginia Code § 48-7-105, which provides, in pertinent part, that:

> In order to achieve the equitable distribution of marital property, the court shall, unless the parties otherwise agree, order, when necessary, the transfer of legal title to any property of the parties, giving preference to effecting equitable distribution through periodic or lump sum payments: *Provided, That the court may order the transfer of legal title to motor vehicles, household goods and the former marital domicile without regard to such preference where the court determines it to be necessary or convenient.*

(Emphasis added.). Under the facts and circumstances of this case, where the martial home is adjacent to or near the properties of respondent's family members, we find that the family court did not abuse its discretion in awarding the home and accompanying real estate to respondent. We note that, to equalize the equitable distribution, the family court ordered respondent to pay petitioner "the sum of $28,804.00, plus 5% statutory interest from the date of entry of [the January 13, 2017,

---

[5]Given the parties' agreement that irreconcilable differences existed between them, the family court dissolved the parties' marriage on that ground in lieu of taking evidence on respondent's alterative ground for divorce.

4

order] with said payment due on or before December 1, 2017." The family court also required respondent to "remove [petitioner]'s name from the lien indebtedness . . . by December 1, 2017," and be responsible for repaying both the mortgage and the personal loan that is secured by the property. Respondent states that she is willing and able to comply with the conditions set by the family court once we dispose of petitioner's appeal.[6] Therefore, based on our review of the record, we conclude that the circuit court properly affirmed the family court's January 13, 2017, order.

For the foregoing reasons, we affirm the circuit court's August 7, 2017, order upholding the family court's January 13, 2017, order that granted the parties a divorce and awarded the marital home and accompanying real estate to respondent.

Affirmed.

**ISSUED:** May 3, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[6]According to petitioner, he is also not yet in compliance with the family court's January 13, 2017, order because he is waiting for the resolution of his appeal before he transfers his interest in the marital home to respondent.