# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Mark G.,**
**Petitioner Below, Petitioner**

**vs) No. 18-0598** (Raleigh County 18-C-261)

**Lacy G.**
**Respondent Below, Respondent**

**FILED**

**September 9, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mark G., by counsel William D. Stover, appeals the June 1, 2018, order of the Circuit Court of Raleigh County denying his petition for a writ of mandamus and/or prohibition.[1] Respondent Lacy G., by counsel Christopher T. Pritt, filed a response in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married on May 17, 2008, and one child was born during their marriage. On July 7, 2017, petitioner filed a petition to divorce respondent in the Family Court of Raleigh County. A hearing on the divorce petition was held on September 27, 2017. On October 17, 2017, a temporary order was entered by the family court. In this order, the court noted that each party admitted to irreconcilable differences; that each party claimed mental cruelty as a ground for divorce; and that respondent alleged adultery as an additional ground for divorce. The temporary order required petitioner to pay respondent $2,500 per month in child support and $6,000 per month in spousal support. The order also contained a notation that "the parties shall be permitted to engage in discovery pursuant to West Virginia Rules of Civil Procedure [("WVRCP")], Rules 26 through 37."

From April 28, 2018, through May 6, 2018, petitioner vacationed in Ireland. On May 2, 2018, respondent issued a subpoena duces tecum to petitioner seeking production and inspection of "[a]ll receipts and records of payment for the [p]etitioner's 2018 trip to Ireland, including but

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

not limited to plane ticket costs, hotel costs, and all other payments associated with said trip." In response to the subpoena, petitioner filed a motion to quash. He argued that the subpoena sought to "determine how [p]etitioner spent his earnings or incurred personal debt after separation" and was a request for petitioner's "separate property." Citing this Court's ruling in *Keplinger v. Virginia Electric and Power Co.*, 208 W.Va. 11, 537 S.E.2d 632 (2000), petitioner argued that respondent's subpoena requested information that was not relevant to the pending action and was not likely to lead to the discovery of admissible evidence. *See id.* (Subpoenas issued under Rule 45 are subject to scope of discovery set forth in Rule 26(b)(1)). Further, petitioner argued that the subpoena represented a violation of his right to privacy and stated that "when, how, with whom and at what costs" he vacationed were "matters that should be ruled as private to him."

In response to petitioner's motion to quash, respondent argued that her subpoena was proper in that the requested information was relevant for purposes of her contested claims for spousal support and attorney's fees. Respondent contended that petitioner's "taking a luxurious vacation to Ireland is relevant" to petitioner's ability to pay spousal support, and is a sign of his high "income-earning ability."[2] Further, respondent argued that petitioner's trip was indicative of "the kind of life the parties were used to living prior to their separation."

By order entered May 10, 2018, the family court denied petitioner's motion to quash. The May 10, 2018, order set forth no findings of fact or conclusions of law and simply stated that the motion was denied "pursuant to the reasons set forth in the respondent's response to petitioner's motion to quash subpoena." Thereafter, on May 24, 2018, petitioner filed, in circuit court, a "petition for writ of prohibition/mandamus" seeking prohibition of the enforcement of the family court's order denying his motion to quash respondent's subpoena.[3] In his petition, petitioner claimed that the documents and information respondent sought by the subpoena "were not permissible pursuant to [the] standard for discovery" in that such requests invaded petitioner's privacy and sought inadmissible evidence. Further, petitioner alleged that the family court violated his right to procedural due process in denying the motion to quash without notice to petitioner, without the benefit of a hearing, and by entering an order not containing specific findings of fact and conclusions of law.

The circuit court, on June 1, 2018, entered its order refusing "petitioner's [w]rit of [m]andamus."[4] Specifically, the circuit court found that petitioner did not satisfy the requirements

---

[2] Further, respondent argues that petitioner's vacation expenses show petitioner's confidence in his ability to produce significant income in the future.

[3] Throughout this action, petitioner uses the terms "prohibition" and "mandamus" interchangeably. We note that petitions for writ of prohibition and petitions for writ of mandamus are separate and distinct extraordinary writs.

[4] In addition to the petition for writ of prohibition/mandamus, petitioner submitted to the circuit court a proposed "Order Filing Petition For Writ Of Mandamus And Issuance Of Rule." In its June 1, 2018, order, the circuit court refused petitioner's "proposed order to file petition for writ of mandamus."

articulated by this Court in *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1997). The court reasoned that "it [was] within the province of the [f]amily [c]ourt to determine questions of relevance for discovery purposes" and concluded that there was "nothing in the petition that supports the argument that the [f]amily [c]ourt exceeded its legitimate powers in refusing to quash the subpoena." It is from the circuit court's June 1, 2018, order that petitioner now appeals.

We will address each of petitioner's four assignments of error, in turn. In his initial assignment of error, petitioner argues that the circuit court erred in finding no error in the family court's denial of his motion to quash subpoena. When considering a circuit court's ruling on a motion to quash subpoena, we have held that "[g]enerally, the trial court's determination to quash a subpoena is addressed to the sound discretion of the trial court and is subject to review for abuse of discretion." *Blankenship v. Mingo Cty. Econ. Opportunity Comm'm*, 187 W. Va. 157, 162, 416 S.E.2d 471, 476 (1992). Further, as referenced in *Hoover*, "[t]he court has broad discretion in determining whether a subpoena is unreasonable, and a decision of the circuit court will be reversed only if it is clearly unreasonable, arbitrary or fanciful." 199 W. Va. at 17, 483 S.E.2d at 17.

With regard to the propriety of the denial of his motion to quash, petitioner's argument is two-fold. First, petitioner argues that the family court's temporary order, entered in October of 2017, only authorized that discovery could be "undertaken by the parties pursuant to WVRCP Rules 26 through 37" and not Rule 45. Hence, as discovery under Rule 45 was not explicitly authorized by the temporary order, respondent's attempt to subpoena records from petitioner under Rule 45 was a violation of the temporary order.

Petitioner's argument fails because he repeatedly refers to respondent's Rule 45 subpoena as a discovery device subject to the relevancy definition found in Rule 26(b)(1) or discusses it in terms of the "scope of discovery." Thus, like the circuit court, and on the unique facts and circumstances of this case, we accept the petitioner's argument that "the subpoena functions as a discovery device" and, therefore, reject his argument that the subpoena violated the family court's temporary order instructing the parties to undertake discovery pursuant to Rules of Civil Procedure 26 through 37.

Second, petitioner argues that, pursuant to Rule 45(d)(2)(B), it was "incumbent upon the subpoena issuing party to file a motion to compel after confronted with a motion to quash[,]" which would have necessitated a hearing or briefing and a "record being made of justification or need for subpoenaed documents." He contends that the family court's disregard for the procedures required by Rule 45 exceeded its authority and violated petitioner's right to due process.

Conversely, respondent argues that there was no error in either the family court's denial of petitioner's motion to quash or the circuit court's denial of petitioner's requests for prohibition/mandamus relief. We agree with respondent. Here, the family court properly exercised its discretion in the denial of petitioner's motion to quash and did not exceed its authority. While petitioner argues that Rule 45(d)(2)(B) required the party issuing the subpoena to file a motion to compel upon receipt of a motion to quash, the language of Rule 45(d)(2)(B) states, in relevant part, that "[i]f objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production." We have long

3

held that "[t]he . . . use of the word 'may' usually renders the referenced act discretionary, rather than mandatory, in nature." Syl. Pt. 1, in part, *Pioneer Pipe, Inc. v. Swain*, 237 W. Va. 722, 791 S.E.2d 168 (2016). Here, given the inclusion of the word "may" within Rule 45(d)(2)(B), we find that the family court did not abuse its discretion in refusing to require respondent to file a motion to compel in response to petitioner's motion to quash. Accordingly, we find no error.

In his second assignment of error, petitioner argues that the circuit court erred in refusing to grant relief in prohibition based upon factors for consideration established by case law. We have generally held that, in reviewing a petition for a writ of prohibition arguing that the lower tribunal exceeded its legitimate powers, this Court will examine five factors:

> (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

*Hoover*, 199 W. Va. at 15, 483 S.E.2d at 15.

Here, petitioner contends that he met each of the *Hoover* requirements necessary for the granting of a writ of prohibition. First, as the family court's denial of petitioner's motion to quash was not a final order, petitioner had no other means, aside from a writ of prohibition, to obtain the desired relief. As to the second element of *Hoover*, petitioner argues that, without the granting of a writ, he will be significantly prejudiced by the disclosure of his private information in a way that is not correctable on appeal. Summarily, petitioner contends that he has satisfied the third and fourth elements of *Hoover* in that the family court's order was clearly erroneous as a matter of law because it "disregarded" Rule 45(d)(2)(B) procedures for addressing motions to quash and that his petition was "replete with verified contentions of [the] family court's disregard for procedural or substantive law." Finally, petitioner argues that issues regarding the right of privacy for parties in divorce actions after the filing of a divorce petition is a matter of first impression.

As to petitioner's assertion that the circuit court erred in its refusal to issue the requested writ of prohibition, respondent argues that petitioner has failed to meet the necessary requirements of *Hoover*. Based on our review of the record, under the limited facts and circumstances of this case and as discussed hereinabove, we agree with respondent and find no error. The family court did not abuse its discretion in denying petitioner's motion to quash. The information requested by respondent via subpoena may be relevant to the family court's determination of petitioner's ability to pay spousal support and attorney's fees.

4

Similarly, we find that the circuit court did not err in denying petitioner mandamus relief. This Court has long held that, before a writ of mandamus may be properly issued, three elements must "coexist:"

> "'(1) the existence of a clear right in the petitioner to the relief sought; (2) the existence of a legal duty on the part of the respondent to do the thing the petitioner seeks to compel; and (3) the absence of another adequate remedy at law.' Syl. Pt. 3, *Cooper v. Gwinn*, 171 W.Va. 245, 298 S.E.2d 781 (1981)." Syllabus Point 1, *State ex rel. Cooper v. Tennant*, 229 W.Va. 585, 730 S.E.2d 368 (2012).

Syl. Pt. 3, in part, *State ex rel. Vanderra Res., LLC v. Hummel*, No. 18-1072, 2019 WL 2414727, ___ W.Va. ___, 829 S.E.2d 35 (W.Va. filed Jun. 3, 2019).

Here, petitioner did not establish that the family court had a legal duty to grant petitioner's motion to quash. As to petitioner's access to another adequate remedy at law, respondent cites Syllabus Point 3, in part, of *Miller v. Tucker Cty. Court*, 34 W. Va. 285, 12 S.E. 702 (1890), in which this Court reasoned that "[w]hen such inferior tribunal has acted, and rendered its decision and judgment, the writ of mandamus will not be allowed to usurp the province of an appeal[.]" In accord with *Miller*, we find that petitioner's writ had no basis and that the circuit court did not err in dismissing the same.

In his third assignment of error, petitioner argues that the circuit court erred in refusing petitioner's petition for a writ of prohibition by relying upon the general proposition that it was the province of the family court to determine questions of relevancy for discovery purposes. While petitioner has expressly acknowledged that it is within the province of the family court to decide relevancy issues, he now argues that it was not within the family court's province to "fail to investigate relevancy of subpoenaed documents upon challenge via [m]otion to [q]uash." Petitioner argues that the family court should have conducted a hearing or, at the very least, required briefing from the parties as to this issue and provided an order containing detailed findings of fact and conclusions of law.

We find no error. Interlocutory orders, such as the order now at issue, are routinely granted without the court hearing any evidence. We have recognized that, in some instances, it is incumbent upon the party pursuing extraordinary remedies to request detailed findings of fact and conclusions of law in interlocutory orders. In *Vanderra*, this Court found that

> "[a] party seeking to petition this Court for an extraordinary writ based upon a non-appealable interlocutory decision of a trial court, must request the trial court set out in an order findings of fact and conclusions of law that support and form the basis of its decision. In making the request to the trial court, counsel must inform the trial court specifically that the request is being made because counsel intends to seek an extraordinary writ to challenge the court's ruling. . . . Absent a request by the complaining party, a trial court is under no duty to set out findings of fact and conclusions of law in non-appealable interlocutory orders." Syllabus Point 6. *State ex rel. Allstate v. Gaughan*, 203 W.Va. 358, 508 S.E.2d 75 (1998).

5

Syl. Pt. 8, *Vanderra*.

Here, petitioner does not claim nor does the appellate record suggest that petitioner made the necessary request to the trial court. Absent petitioner's request, the family court was under no duty to set out detailed findings of fact and conclusions of law supporting its decision. As we have previously discussed, it was within the sound discretion of the family court to deny petitioner's motion to quash and that a hearing on the motion to quash was not mandated by Rule 45(d)(2)(B) or otherwise. Given these facts, we find no error in the denial of petitioner's request for relief in prohibition.

In his final assignment of error, petitioner argues that the circuit court erred in failing to recognize his asserted violation of his right to privacy. Petitioner contends that he has a right to "be let alone and keep secret his private conversations and affairs." He alleges that his private and sensitive documents and information are privileged materials protected from discovery production. With information related just to his current income, petitioner argues that respondent is able to make a determination of petitioner's ability to pay spousal support or attorney's fees.

Respondent contends that the information she sought via subpoena is relevant to petitioner's ability to pay spousal support and attorney's fees. This Court has long held that "[r]ulings on the admissibly of evidence are largely within a trial court's sound discretion and should not be disturbed unless there has been an abuse of discretion." Syl. Pt. 4, in part, *State v. Farmer*, 185 W. Va. 232, 406 S.E.2d 458 (1991) (citations omitted). Here, petitioner has not met his burden of establishing that the family court abused its discretion in denying the motion to quash.[5] The information requested by the subpoena does, indeed, provide respondent with information that may be relevant in determining petitioner's ability to pay spousal support to respondent and attorney's fees.

After our thorough review of the record, we find no error and concur with the circuit court's finding that the family court did not exceed its legitimate powers in denying petitioner's motion to quash. Accordingly, the requested writs of prohibition and mandamus are denied.

Affirmed.

**ISSUED:** September 9, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[5] We note that in his appeal brief, petitioner states "[a]s a general assertion, [p]etitioner agrees that it's within the province of the [f]amily [c]ourt to decide relevance issues."

6