## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**SOLES ENTERPRISES, LLC,**
**Employer Below, Petitioner**

**vs.)   No. 20-0683** (BOR Appeal No. 2055263)
                          (Claim No. 2019011099)

**ROBERT E. HOY,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Soles Enterprises, LLC, by counsel Timothy E. Huffman, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Robert E. Hoy, by counsel T. Colin Greene, filed a timely response.

The issue on appeal is compensability of the claim. The claims administrator rejected the claim on December 3, 2018. On March 3, 2020, the Workers' Compensation Office of Judges ("Office of Judges") reversed the claims administrator's rejection of the claim and held the claim compensable. This appeal arises from the Board of Review's Order dated August 4, 2020, in which the Board affirmed the decision of the Office of Judges to hold the claim compensable.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

1

(d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Hoy submitted an Employees' and Physicians' Report of Occupational Hearing Loss on October 11, 2018, stating that he suffered hearing loss after being exposed to loud industrial noise for over forty years. He listed employment with Soles Electric since October 1, 1985, where he is a winder of motors.[1] He was previously employed with Phillips Tool Company from July 1976 to March 1985, as a machinist. An attached audiogram from Melissa Rose, a certified audiologist with the Manchin Clinic, diagnosed Mr. Hoy with bilateral sensorineural hearing loss attributable to or perceptibly aggravated by industrial noise exposure in the course of and resulting from his employment.

Soles Enterprises, LLC, provided an Employer's Report of Occupational Hearing Loss dated October 19, 2018, which disagreed with the statement that Soles Enterprises, LLC, purchased assets of Soles Electric Company, Inc., and hired its employees in 2012. Rae Dyer, manager for Soles Enterprises, LLC, listed Mr. Hoy's job description as a "winder" and confirmed his exposure to occupational noise by checking "yes" for the question, "[d]o you have reason to question this claim?" Soles Enterprises, LLC, stated that the company has only employed Mr. Hoy since February 1, 2012, and has reason to question the claim as he reported hearing loss prior to that date. It was noted that noise level testing was performed, and Mr. Hoy was provided appropriate hearing protection for his employment. An attached Industrial Hygiene Report from 2015 indicated that only the sandblasting department demonstrated noise levels consistently high enough to exceed the weighted average of 90 decibels.

---

[1] Soles Enterprises, LLC, purchased the assets of Soles Electric Company, Inc., and hired its employees. Although Mr. Hoy officially became an employee of Soles Enterprises, LLC, on February 1, 2012, he worked for Soles Electric Company, Inc. since 1985. This Court has decided that the last employer by whom a claimant was exposed to a known hazardous noise will be the chargeable employer. *Pioneer Pipe, Inc. v. Swain*, 237 W. Va. 689, 791 S.E.2d 168 (2016). Thus, any hearing loss resulting from Mr. Hoy's previous employment with Soles Electric Company, Inc., is also attributable to his employment with Soles Enterprises, LLC.

Mr. Hoy was deposed on February 4, 2019, and testified that he worked for Soles Enterprises since 1985 in a variety of job categories; however, he worked in tear down more than in any other category. He testified that his job required the use of very loud power tools such as air compressed impact guns to remove bolts, grinders to reshape motor parts, and hammers used to imprint stamps on the metal parts after the motors were disassembled. He further testified that the plant in which he worked did not have walls separating the different departments to help dampen sound, and that the areas in which he worked were directly adjacent to the Wash Bay, which was noted to be a high noise exposure area in the Industrial Hygiene Report from 2015. Mr. Hoy testified that he wore earmuffs due to the noise in the plant. He testified that he worked eight hours each day, surrounded by hazardous noises as a requirement of his employment.

The claims administrator rejected Mr. Hoy's application for benefits on December 3, 2019. The denial stated:

> "The disability complained of was not due to an injury or disease received in the course of and resulting from employment. We received your application for hearing loss benefits dated October 11, 2018. According to the information we received, you began working for your current employer on June 13, 2012. Based upon information we received, including the job description provided by your employer and the results of noise sampling, you were not exposed to hazardous noise in the course of and resulting from your employment with Soles Enterprises, LLC. Therefore, your application for hearing loss benefits is denied."

Mr. Hoy protested the claims administrator's decision.

In support of its position, Soles Enterprises, LLC, submitted the File Review report prepared by David Phillips, M.D., with Ear, Nose & Throat Associates of Charleston, dated December 9, 2019. Dr. Phillips concluded that based upon a review of the audiogram, Mr. Hoy does have mild to sloping severe hearing loss. However, Dr. Phillips opined that the hearing loss is not likely the result of exposure at Soles Enterprises, LLC. Dr. Phillips noted a severe low frequency component at 1000 Hz and a relatively steady decline between 500 Hz and 4000 Hz. Dr. Phillips concluded by stating,

> "The overall pattern could be consistent with both the combination of occupational noise exposure and prebyscusis. With respect to his current employment, it would be very difficult to attribute this level of hearing loss to his six-year employment with Soles Enterprises. He has had a relatively short duration of employment with Soles Enterprises, he does use hearing protection, and as noted above in the Industrial Hygiene Report, the areas of his specific employment do not demonstrate time-weighted averages above 85 decibels. Thus, while I suspect that Mr. Hoy does suffer from at least a portion of noise induced hearing loss, this hearing loss may have been a result of the previous employment and would not be directly attributable to employment with Soles Enterprises. I would agree with the Claims

3

Administrator's decision to reject the claim against Soles Enterprises, LLC, for occupational hearing loss benefits, but would suspect that his prior 27-year employment with Soles Electric likely has contributed to at least a portion of his current hearing loss."

Dr. Phillips was of the opinion that Mr. Hoy has not sustained noise induced hearing loss as a result of his employment with Soles Enterprises, LLC.

On March 3, 2020, the Office of Judges issued a decision reversing the claims administrator's Order of December 3, 2018, rejecting Mr. Hoy's claim, and held his claim compensable. The Office of Judges found Mr. Hoy's testimony persuasive in finding that he has been exposed to hazardous levels of noise while working for Soles Enterprises, LLC. The Industrial Hygiene Report in the record was found to be unpersuasive because the Office of Judges determined that West Virginia Code does not indicate that industrial hygiene studies provide a total defense as to whether a claimant has been exposed to hazardous levels of noise. It was also noted that the industrial noise study was performed in 2015 and was only for spot testing that was performed for a period of two weeks. Also, the Office of Judges concluded that the fact that Mr. Hoy may have some nonoccupational hearing loss, as well as occupational hearing loss, is irrelevant to the issue of compensability. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the decision that Mr. Hoy sustained occupational hearing loss in the course of and as a result of his employment in an Order dated August 4, 2020.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. Soles Enterprises, LLC, argues that Dr. Phillips concluded that it was difficult to attribute Mr. Hoy's level of hearing loss to his employment and noted that the time weighted averages of the areas in which he worked were 84 decibels in the machine area and 72.8 decibels in the winding area. However, the Office of Judges determined that the audiogram diagnosing occupational loss, as well as the testimony of Mr. Hoy in which he described his work environment and the requirements of his job, outweighed Dr. Phillip's Record Review and the Industrial Hygiene Report from 2015.

Affirmed.

**ISSUED: November 5, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton