# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2016 Term

_____

No. 15-0397

_____

FILED

**September 19, 2016**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PIONEER PIPE, INC.,**
Petitioner

v.

**STEPHEN SWAIN,**
**BRAYMAN CONSTRUCTION, and**
**J & J GENERAL MAINTENANCE, INC.,**
Respondents

_____

**Appeal from the Workers' Compensation Board of Review**
**Claim Nos. 2014002593 and 2014010112**
**Appeal No. 2049999**

**AFFIRMED**

_____

Submitted: September 7, 2016
Filed: September 19, 2016

James W. Heslep, Esq
Steptoe & Johnson PLLC
Bridgeport, West Virginia
Counsel for Petitioner
Pioneer Pipe

Jeffrey B. Brannon, Esq.
Cipriani & Werner, P.C.
Charleston, West Virginia
Counsel for Respondent
J & J General Maintenance

Lawrence B. Lowry, Esq
Barrett, Chafin, Lowry & Amos
Huntington, West Virginia
Counsel for Respondent Stephen Swain

Lisa Warner Hunter, Esq.
Pullin, Fowler, Flanagan,
Brown & Poe, PLLC
Charleston, West Virginia
Counsel for Respondent
Brayman Construction

**CHIEF JUSTICE KETCHUM delivered the Opinion of the Court.**

**JUSTICE DAVIS dissents and reserves the right to file a separate opinion.**

**JUSTICE WORKMAN concurs and reserves the right to file a separate opinion.**

**SYLLABUS BY THE COURT**

1.	As a general rule of statutory construction, the word "may" inherently connotes discretion and should be read as conferring both permission and power. The Legislature's use of the word "may" usually renders the referenced act discretionary, rather than mandatory, in nature.

2.	By using the term "may" in W.Va. Code § 23-4-6b(g) [2009], the Legislature clearly and unambiguously afforded the Insurance Commissioner discretion in deciding whether to allocate and divide charges for a hearing loss claim between various employers, or to charge only one employer.

i

Chief Justice Ketchum:

The parties in this workers' compensation case debate a simple question: should the word "may" in a statute actually be construed to mean "shall?" We find that the general rule is that a statute that uses the word "may" is inherently permissive in nature and signifies that the Legislature meant to make the referenced act discretionary, rather than mandatory.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

Respondent Stephen Swain worked out of a union hall for thirty-three years as a heavy-equipment operator employed by different construction companies. Mr. Swain testified that he was routinely exposed to unusual or excessively loud noise in the course of his employment, not only from the machines he operated but also from the other equipment being used around him.

Mr. Swain last worked, and was last exposed to the hazards of occupational noise, on March 21, 2013. Mr. Swain's employer on his date of last exposure is the petitioner in this appeal, Pioneer Pipe, Inc. Pioneer Pipe employed Mr. Swain for a total of forty hours.

On May 1, 2013, an otolaryngologist diagnosed Mr. Swain with bilateral sensorineural hearing loss directly attributable to industrial noise exposure in the course of and resulting from his employment. Mr. Swain thereafter filed claims for workers' compensation benefits for his occupational hearing loss.

1

An administrative law judge with the Workers' Compensation Office of Judges later identified Pioneer Pipe and two other employers[1] as being potentially "chargeable" for Mr. Swain's claim.

West Virginia's workers' compensation system has been administered by the Insurance Commissioner since 2006.[2] West Virginia's workers' compensation statutes provide that when a claimant files a hearing loss claim, the "Insurance Commissioner *may* allocate to and divide any charges resulting from the claim among the employers with whom the claimant sustained exposure to hazardous noise for as much as sixty days during the three years immediately preceding the date of last exposure."[3] However, the Insurance Commissioner issued a policy statement saying that, because "claims allocation is a discretionary practice" and "does not exist in most other states," the Insurance Commissioner "will no longer be allocating workers' compensation claims" to different employers in occupational hearing loss claims.[4]

In an order dated November 6, 2014, an administrative law judge noted the Insurance Commissioner's discretionary policy not to allocate and divide any charges for

---

[1] Those other two employers are respondents Brayman Construction and J&J General Maintenance, Inc.

[2] *See* W.Va. Code § 23-1-1(e) [2007].

[3] W.Va. Code § 23-4-6b(g) [2009] (emphasis added).

[4] The document, entitled "Notification for Claims Allocation," is available on the Insurance Commissioner's website. http://www.wvinsurance.gov/Portals/0/pdf/wc/notices/claims-allocation-information.pdf (last visited September 15, 2016).

hearing loss claims. Under this policy, "the chargeable employer will be the last employer with whom the claimant was exposed to hazardous noise in the course of and resulting from employment." The administrative law judge found that Mr. Swain worked for Pioneer Pipe on March 21, 2013, his date of last exposure to the hazards of occupational noise; accordingly, Pioneer Pipe was ruled to be the sole chargeable employer responsible for paying Mr. Swain's hearing loss claim. Pioneer Pipe appealed the order, but the Workers' Compensation Board of Review affirmed it in an order dated April 3, 2015.

Pioneer Pipe now appeals the determination finding it to be the sole chargeable employer in this workers' compensation claim.

## II.
## STANDARD OF REVIEW

Pioneer Pipe asks this Court to interpret West Virginia's workers' compensation statutes, and to find that the interpretations of the statutes by the Insurance Commissioner, by the Office of Judges, and by the Board of Review are wrong. "Where the issue on an appeal is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review."[5]

---

[5] *Conley v. Workers' Comp. Div.*, 199 W.Va. 196, 199, 483 S.E.2d 542, 545 (1997) (citing Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)). *See also*, *Johnson v. W.Va. Office of Ins. Com'r*, 226 W.Va. 650, 654, 704 S.E.2d 650, 654 (2010) (finding that in a review of a workers' compensation appeal under W.Va. Code § 23-5-15(c) [2005], "any legal conclusions made below must be reviewed by this Court *de novo*."); Syllabus Point 1, *Appalachian Power Co. v. State Tax Dep't of W.Va.*, 195 W.Va. 573, 466 S.E.2d 424 (1995) ("Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review.").

# III.
# ANALYSIS

Pioneer Pipe's argument focuses on W.Va. Code § 23-4-6b(g) [2009], which sets forth standards for awarding benefits in an occupational hearing loss claim. The statute also provides a means for apportioning and separating responsibility for paying a hearing loss claim. The statute provides, in pertinent part and with emphasis added:

> The Insurance Commissioner *may allocate to and divide any charges* resulting from the claim among the employers with whom the claimant sustained exposure to hazardous noise for as much as sixty days during the period of three years immediately preceding the date of last exposure. The allocation is based upon the time of exposure with each employer. In determining the allocation, the Insurance Commissioner shall consider all the time of employment by each employer during which the claimant was exposed and not just the time within the three-year period under the same allocation as is applied in occupational pneumoconiosis cases.[6]

As previously noted, the Insurance Commissioner has interpreted this statutory language as being discretionary, not mandatory. The Insurance Commissioner has, in light of this discretionary language, chosen not to allocate and divide charges for hearing loss claims. Rather, the Insurance Commissioner's policy is that the sole chargeable employer is the one that employed the claimant on his or her date of last exposure to hazardous noise.

Pioneer Pipe contends that the language of W.Va. Code § 23-4-6b(g) imposes a mandatory duty upon the Insurance Commissioner to allocate and divide the charges for

---

[6] W.Va. Code § 23-4-6b(g).

4

a hearing loss claim, if the claimant was injured while in the employ of multiple employers. Furthermore, Pioneer Pipe interprets this statute to mean that, for an employer to be chargeable with a hearing loss claim, the claimant must have worked for the employer for at least sixty days in the three years preceding the date of last exposure. Because Mr. Swain only worked for Pioneer Pipe a total of forty hours in the days preceding March 21, 2013, Pioneer Pipe argues it cannot be charged with his hearing loss claim.

We reject Pioneer Pipe's argument. W.Va. Code § 23-4-6b(g) plainly says that the "Insurance Commissioner *may* allocate and divide any charges" for a hearing loss claim between employers. Under the statute, if the Insurance Commissioner chooses to separate and assign the charge for the claim to different employers, then the charge can be assigned only to a limited class of employers (those who exposed the claimant to hazardous noise for at least sixty days in the three years preceding the date of last exposure). However, the Insurance Commissioner has elected not to allocate charges for hearing loss claims. "An elementary principle of statutory construction is that the word 'may' is inherently permissive in nature and connotes discretion."[7] "The word 'may' generally

---

[7] *Gebr. Eickhoff Maschinenfabrik Und Eisengieberei mbH v. Starcher*, 174 W.Va. 618, 626 n.12, 328 S.E.2d 492, 501 n.12 (1985); *accord Rosen v. Rosen*, 222 W.Va. 402, 409, 664 S.E.2d 743, 750 (2008); *Daily Gazette Co. v. W.Va. Dev. Office*, 206 W.Va. 51, 64-65, 521 S.E.2d 543, 556-57 (1999); *State v. Hedrick*, 204 W.Va. 547, 552, 514 S.E.2d 397, 402 (1999); *Hodge v. Ginsberg*, 172 W.Va. 17, 22, 303 S.E.2d 245, 250 (1983). *See also U.S. v. Rodgers*, 461 U.S. 677, 706, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983) (explaining that "[t]he word 'may,' when used in a statute, usually implies some degree of discretion").

should be read as conferring both permission and power[.]"[8]  The Legislature's choice of the word "may" usually "renders the referenced act discretionary, rather than mandatory, in nature."[9]

In a policy statement interpreting W.Va. Code § 23-4-6b(g),[10] the Insurance Commissioner determined that "claims allocation is a discretionary practice" and that while allocation of responsibility had happened in the past, no further allocation of claims would occur.  The Insurance Commissioner stated that "the benefit of allocating claims would be outweighed by the problems which would be created by attempting to allocate claims in West Virginia's privatized workers' compensation [insurance] market."[11]  The Insurance

---

[8] *Weimer-Godwin v. Bd. of Educ. of Upshur Cty.*, 179 W.Va. 423, 427, 369 S.E.2d 726, 730 (1988).  *See also*, *Manchin v. Browning*, 170 W.Va. 779, 785, 296 S.E.2d 909, 915 (1982) ("Under settled rules of construction, the word 'shall' when used in constitutional provisions is ordinarily taken to have been used mandatorily, and the word 'may' generally should be read as conferring both permission and power.").

[9] *In re Cesar L.*, 221 W.Va. 249, 261, 654 S.E.2d 373, 385 (2007); *accord Weimer v. Sanders*, 232 W.Va. 367, 374, 752 S.E.2d 398, 405 (2013); *Lawyer Disciplinary Bd. v. Smoot*, 228 W.Va. 1, 11, 716 S.E.2d 491, 501 (2010).

[10] In addition to hearing loss claims under W.Va. Code § 23-4-6b, the Insurance Commissioner's policy statement on allocation also applies to occupational pneumoconiosis claims and other occupational diseases.

[11] The Insurance Commissioner's policy statement provides that allocation of claims would stop on January 1, 2006.  From its inception in 1913 until 2006, West Virginia's workers' compensation program was a publicly-owned fund that "was created by the State legislature and [was] regulated exclusively by the State."  *Verizon W.Va., Inc. v. W.Va. Bureau of Employ. Programs, Workers' Comp. Div.*, 214 W.Va. 95, 135-36, 586 S.E.2d 170, 210-11 (2003).  After that date, the system gradually shifted to a private-insurer-based system overseen by the Insurance Commissioner.

Commissioner's decision to no longer allocate claims "was further based on the fact that the practice of claims allocation does not exist in most other states, and therefore continuing claims allocation in West Virginia would be counter-productive to encouraging a competitive [workers's compensation insurance] market[.]" In other words, the Insurance Commissioner exercised his discretion not to allocate and divide charges for claims among employers with whom the claimant was exposed to hazardous noise for as much as sixty days during the three years prior to the date of last exposure.

The respondents in this case point out that the Insurance Commissioner has adopted regulations establishing the minimum contents of a workers' compensation insurance policy.[12] Under these regulations, each workers' compensation policy sold to a West Virginia employer must provide coverage for "any bodily injury with a date of injury within the policy period[.]"[13] Importantly, the regulations require a policy have coverage

---

[12] *See generally*, 85 C.S.R. § 8.1 [2008], adopted pursuant to W.Va. Code § 23-2C-17(b) [2008] (the Insurance Commissioner "shall promulgate a rule which prescribes the requirements of a basic policy to be used by private carriers.").

[13] 85 C.S.R. § 8.8.2. That regulation provides, in full:

> Each West Virginia workers' compensation insurance policy shall provide coverage and benefit payments consistent with the provisions of chapter twenty-three of the West Virginia Code and the rules promulgated there under [sic] for any bodily injury with a date of injury within the policy period and for all benefits types thereafter awarded, including all dependent benefits and related death benefits provided for under chapter twenty-three of the West Virginia Code. Each workers' compensation policy shall also provide coverage for any occupational disease or occupational pneumoconiosis award with a date of last exposure within the policy period,

7

"for any occupational disease" – such as noise-induced hearing loss – "with a date of last exposure within the policy period[.]"[14]

In the context of hearing loss claims, these insurance requirements reflect workers' compensation statutes which recognize that hearing loss may be caused "by either a single incident of trauma or by exposure to hazardous noise[.]"[15]  The Legislature has provided that jurisdiction for a hearing loss claim is based upon a single day: the claimant's date of last exposure to unusual or excessive workplace noise.  W.Va. Code § 23-4-15(c) provides that where the claimant alleges occupational hearing loss caused by long-term noise exposure, the claimant is required to file a claim "within three years from and after *the day* on which the employee was last exposed to the particular occupational hazard involved" (or after discovering the hearing loss, whichever occurs last).[16]  "The 'date of last exposure,' . . . is the date upon which the employee was last exposed to the hazards of the occupational disease which renders him/her eligible for the compensation award for which he/she has applied."[17]

---

including all dependent benefits and related death benefits provided for under chapter twenty-three of the West Virginia Code.

[14] *Id.*

[15] W.Va. Code § 23-4-6b(a).

[16] W.Va. Code § 23-4-15(c) [2010] (emphasis added).  *See generally Holdren v. Workers' Comp. Com'r*, 181 W.Va. 337, 382 S.E.2d 531 (1989).

[17] Syllabus Point 10, *State ex rel. ACF Indus., Inc. v. Vieweg*, 204 W.Va. 525, 514 S.E.2d 176 (1999).  "In a claim for noise-induced occupational hearing loss, a 'hazard,'

Under the regulations establishing the minimum contents of a workers'
compensation insurance policy, we discern that a workers' compensation insurance policy
*does not* have to cover claims for an occupational disease with a date of last exposure
outside of the policy period.[18] The existence or non-existence of insurance coverage for a
hearing loss claim is generally dependent upon one day: the date of last exposure.

When a government agency issues an interpretation of a statute, it is "entitled
to some deference by the court."[19] Such interpretations are "entitled on judicial review
only to the weight that their inherent persuasiveness commands."[20] The rulings,
interpretations and opinions of an agency

> do constitute a body of experience and informed judgment to
> which courts and litigants may properly resort for guidance.
> The weight of such a judgment in a particular case will depend
> upon the thoroughness evident in its consideration, the validity
> of its reasoning, its consistency with earlier and later
> pronouncements, and all those factors which give it power to
> persuade, if lacking power to control.[21]

---

as contemplated by the Workers' Compensation Act, exists in any work environment where
unusual or excessive noise is shown to be present." Syllabus, *Hannah v. Workers' Comp.
Com'r*, 176 W.Va. 608, 346 S.E.2d 757 (1986).

[18] Again, this is based upon our reading of 85 C.S.R. § 8.8.2. *See supra*, note
13. At oral argument, the parties agreed with this interpretation.

[19] *Appalachian Power Co. v. State Tax Dep't of W.Va*, 195 W.Va. 573, 583,
466 S.E.2d 424, 434 (1995).

[20] *Id.*

[21] *Id.*, quoting *Gen. Elec. Co. v. Gilbert*, 429 U.S. 125, 141-42, 97 S.Ct. 401,
411 (1976) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 65 S.Ct. 161, 164 (1944)).

Of course, any interpretation of a statute by an agency "must faithfully reflect the intention of the Legislature, as expressed in the controlling legislation."[22] "[A]n administrative agency may not issue a regulation which is inconsistent with, or which alters or limits its statutory authority."[23]

We hold that as a general rule of statutory construction, the word "may" inherently connotes discretion and should be read as conferring both permission and power. The Legislature's use of the word "may" usually renders the referenced act discretionary, rather than mandatory, in nature. By using the term "may" in W.Va. Code § 23-4-6b(g), the Legislature clearly and unambiguously afforded the Insurance Commissioner discretion in deciding whether to allocate and divide charges for a hearing loss claim between various employers, or to charge only one employer. We also find that there is no limitation in the statute requiring sixty days of exposure to hazardous noise before the Insurance Commissioner may hold an employer solely responsible for a hearing loss claim. The controlling language employed by the Legislature is discretionary, not mandatory, and the Insurance Commissioner has exercised that discretion, made an informed judgment based upon a body of experience, and chosen not to allocate and divide charges for a claim. We see no conflict between the controlling statute and the Insurance Commissioner's actions.

---

[22] Syllabus Point 4, in part, *Maikotter v. University of West Virginia Bd. of Trustees/West Virginia Univ.*, 206 W.Va. 691, 527 S.E.2d 802 (1999).

[23] Syllabus Point 3, in part, *Rowe v. W.Va. Dept. of Corr.*, 170 W.Va. 230, 292 S.E.2d 650 (1982).

10

One additional point must be noted, and that is Pioneer Pipe's justified assertion that this case reaches an unfair result. Mr. Swain worked for thirty-three years in noisy environments, but worked only four noisy days for Pioneer Pipe, and yet Pioneer Pipe's insurer will be charged for the entirety of Mr. Swain's hearing injury. Unfortunately, the regulations of the Insurance Commissioner and the statutes adopted by the Legislature impel this result. The executive and legislative branches have created a workers' compensation system that is easier to administer by the Insurance Commissioner, insurance companies and self-insured employers, yet can produce a capricious outcome.

Moreover, W.Va. Code § 23-4-6b(g) is a confusing, poorly-drafted anachronism, a vestigial flicker of the old workers' compensation system as it operated before it came under the administration of the Insurance Commissioner. This Court has repeatedly recognized that workers' compensation law is a "miasma" that "is a *sui generis*, jurisprudential hodge-podge that stands alone from all other areas of the law, causing decisions rendered in the workers' compensation realm to be almost wholly unusable in any other area of the law, and vice-versa."[24] That said, the wisdom, desirability or overall

---

[24] *Wampler Foods, Inc. v. Workers' Comp. Div*., 216 W.Va. 129, 142, 602 S.E.2d 805, 818 (2004). *See also Bounds v. State Workmen's Comp. Com'r*, 153 W.Va. 670, 675, 172 S.E.2d 379, 382 (1970) ("It has been held repeatedly by this Court that the right to workmen's compensation benefits is based wholly on statutes, in no sense based on the common law; [and] that such statutes are *sui generis* and controlling[.]").

fairness of policy decisions and statutes made by the executive and legislative branches are outside the province of the judicial branch.[25]

> This Court does not sit as a superlegislature, commissioned to pass upon the political, social, economic or scientific merits of statutes pertaining to proper subjects of legislation. It is the duty of the Legislature to consider facts, establish policy, and embody that policy in legislation. It is the duty of this Court to enforce legislation unless it runs afoul of the State or Federal Constitutions.[26]

Whatever the merits of Pioneer Pipe's fairness complaints, those arguments must be addressed to the Insurance Commissioner and the Legislature.

## IV.
## CONCLUSION

The Workers Compensation Board of Review properly affirmed the decision of the Office of Judges, which correctly concluded that under W.Va. Code § 23-4-6b(g), Pioneer Pipe is the sole chargeable employer for Mr. Swain's hearing loss claim.

Affirmed.

---

[25] *Huffman v. Goals Coal Co.*, 223 W.Va. 724, 728, 679 S.E.2d 323, 327 (2009).

[26] Syllabus Point 2, *Id.,* 223 W.Va. at 725, 679 S.E.2d at 324. *See also* Syllabus Point 11, *Brooke B. v. Ray*, 230 W.Va. 355, 738 S.E.2d 21 (2013) ("It is not for this Court arbitrarily to read into a statute that which it does not say. Just as courts are not to eliminate through judicial interpretation words that were purposely included, we are obliged not to add to statutes something the Legislature purposely omitted."); *accord State v. Louk*, 237 W.Va. 200, 786 S.E.2d 219 (2016).