No. 17-0437 – *Ashland Specialty Co., Inc. v. Dale W. Steager,*
*State Tax Commissioner of West Virginia*

**FILED**
**May 1, 2018**
**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Ketchum, Justice, concurring, in part, and dissenting, in part, with whom Justice Davis joins:

I agree with the result in this case. A tobacco company unlawfully selling cigarettes is, without question, deserving of a hefty monetary penalty.

My dissent concerns the appearance that the Tax Commissioner abdicated the exercise of discretion when calculating that monetary penalty. West Virginia Code § 16-9D-8(a) says (with emphasis added) that the Tax Commissioner "*may* also impose a civil penalty in an amount *not to exceed* the greater of five hundred percent of the retail value of the cigarettes[.]" The definition of the word "may" is pretty clear:

> As a general rule of statutory construction, the word "may" inherently connotes discretion and should be read as conferring both permission and power. The Legislature's use of the word "may" usually renders the referenced act discretionary, rather than mandatory, in nature.[1]

The Legislature's use of the word "may" tells us the Tax Commissioner is obligated to use his (or her) noggin and exercise some guided judgment. The law doesn't require a 500% penalty; instead, it confers the power to set a penalty up to but not exceeding 500%. But the Tax Commissioner's representative testified that auditors working for the Commissioner "have no discretion" and always impose a penalty equal to 500% of the retail price of the cigarettes. That is unacceptable.

---

[1] Syllabus Point 1, *Pioneer Pipe, Inc. v. Swain*, 237 W.Va. 722, 791 S.E.2d 168 (2016).

1

When a bureaucrat's reason for doing something is "because we've always done it that way," then discretion has gone by the wayside. If the Tax Commissioner's reason for never imposing anything less than a 500% penalty is "because we've always done it that way," then the same reasoning prohibits the imposition of anything greater than 500% as well. Even though West Virginia Code § 16-9D-8(a) authorizes a penalty of $5,000 per violation, the Tax Commissioner theoretically could not impose that penalty because it's never been done that way before and, consequently, because such a high penalty might appear random, capricious and vindictive.

In the future, the Tax Commissioner should plainly articulate *why* a specific civil penalty was chosen, and should do so according to some specific rules of thumb. Doing so not only avoids arbitrary and capricious results, but also negates the mere *appearance* that a result was randomly punitive.

I am authorized to state that Justice Davis joins in this separate opinion.