# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**June 7, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**D.B.,**
**Respondent Below, Petitioner**

**vs)  No. 18-0176**       (Harrison County 04-DV-218-4, 08-DV-112-4, 08-DV-241-4, 09-DV-62-4, 09-DV-63-4, 09-DV-318-5, 09-DV-319-4, 09-DV-62-4, 10-DV-26-4)

**S.L., et al.,**
**Petitioners Below, Respondents**

## MEMORANDUM DECISION

Petitioner D.B.,[1] pro se, appeals the February 7, 2018, order of the Circuit Court of Harrison County denying his motion under West Virginia Code § 48-27-511 to expunge law enforcement records and seal court records regarding the domestic violence petitions filed against him from 2004 through 2010. Respondents, the petitioners in the various domestic violence cases, did not file a response.[2]

The Court has considered petitioner's brief and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, petitioner's brief, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons,

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Pursuant to Rule 10(d) of the West Virginia Rules of Appellate Procedure, if a respondent fails to respond to an assignment of error, we will assume that the respondent agrees with petitioner's view of the issue. However, we decline to rule in petitioner's favor simply because respondents failed to file a response. *See* Syl. Pt. 8, *State v. Julius*, 185 W. Va. 422, 408 S.E.2d 1 (1991) (holding that we will accept a party's concession only after a proper analysis shows that it is correct).

a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is an inmate in the custody of the West Virginia Division of Corrections and Rehabilitation. In *State v.* [*D.B.*] ("*D.B. I*"), No. 11-1191, 2012 WL 4054108, at *1-4 (W.Va. Sept. 7, 2012) (memorandum decision)*,* this Court affirmed petitioner's convictions for kidnapping and malicious assault as a result of an attack on his former wife. This Court described the attack as follows:

> According to testimony during petitioner's jury trial, [Petitioner's ex-wife] was doing laundry at her mother's house when petitioner arrived in a vehicle. Upon approaching petitioner, he called [his ex-wife] a "dirty whore" and began hitting her. [Petitioner's ex-wife] further testified that petitioner told her she was leaving the home with him. When she refused, petitioner threatened members of her family, and [petitioner's ex-wife] testified that petitioner had a knife in his possession throughout the ordeal. The two left the premises, and petitioner continued to physically assault [his ex-wife], telling her how much he hated her and that she needed to die. According to her testimony, [petitioner's ex-wife] attempted to flee on one occasion, but petitioner hit her so hard she blacked out. [Petitioner's ex-wife] further testified that petitioner threatened to cut her and throw her in a well so as to conceal his crime. Eventually, petitioner returned [his ex-wife] home and told her family she had a seizure. Her family called 911, and [Petitioner's ex-wife] told the responding emergency personnel that petitioner caused her injuries. [Petitioner's ex-wife] remained hospitalized for several days, including treatment in the intensive care unit.

*Id.* at *1. In *D.B. I*, petitioner was also convicted of being a recidivist and, as a result, was sentenced to a life term of incarceration with the possibility of parole for his kidnapping conviction. *Id.*[3]

On January 31, 2018, petitioner filed a motion pursuant to West Virginia Code § 48-27-511 in the various cases where women have sought a domestic violence protective order against him. Consistent with the relief available under West Virginia Code § 48-27-511, petitioner asked the circuit court to expunge law enforcement records and seal court records regarding the domestic violence petitions. Petitioner argued that the granting of his motion would serve the ends of justice because it had been from eight to fourteen years since the domestic violence petitions were filed. By order entered February 7, 2018, the circuit court denied petitioner's motion, finding that (1) the use of the word "may" in West Virginia Code § 48-27-511 signified that it had the discretion to grant or deny relief under the statute depending on the circumstances of the case; and (2) "petitioner has a criminal history," for which he was "serving a significant sentence" of incarceration.

---

[3] Petitioner subsequently filed a petition for a writ of habeas corpus challenging his kidnapping and malicious assault convictions. In [*D.B.*] *v. Plumley* ("*D.B. II*"), No. 15-0213, 2016 WL 6819044, at *3 (W.Va. Nov. 18, 2016) (memorandum decision), this Court affirmed the denial of petitioner's habeas petition.

2

Petitioner now appeals the circuit court's February 7, 2018, order denying his motion to expunge law enforcement records and seal court records regarding the domestic violence petitions filed against him from 2004 through 2010. "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 4, *Burgess v. Porterfield*, 196 W. Va. 178, 469 S.E.2d 114 (1996). West Virginia Code § 48-27-511 provides, in full:

> Two years after the entry of a final protective order, the circuit court, *may*, upon motion, order that the protective order and references to the order be purged from the file maintained by any law-enforcement agency and *may* further order that the file maintained by the court be sealed and not opened except upon order of the court when such is in the interest of justice.

(Emphasis added.). In Syllabus Point 1 of *Pioneer Pipe, Inc. v. Swain*, 237 W. Va. 722, 791 S.E.2d 168 (2016), we held that: "As a general rule of statutory construction, the word 'may' inherently connotes discretion and should be read as conferring both permission and power. The Legislature's use of the word 'may' usually renders the referenced act discretionary, rather than mandatory, in nature."

On appeal, petitioner argues that the circuit court did not possess "unfettered" discretion to deny his motion under West Virginia Code § 48-27-511. Petitioner states that he has no contact with any of the women who previously filed domestic violence petitions against him, does not want to interact with them, "and cannot do so, if he wished to, due to his incarceration." However, petitioner further notes that he will be eligible for parole beginning in 2023. In *Banker v. Banker*, 196 W. Va. 535, 548, 474 S.E.2d 465, 478 (1996), we found that an abuse of discretion occurs in three principal ways: (1) when a relevant factor that should have been given significant weight is not considered; (2) when all proper factors, and no improper ones, are considered, but the lower court in weighing those factors commits a clear error of judgment; and (3) when the lower court fails to exercise any discretion at all in issuing the order. Based on our review of the record, we find that no abuse of discretion occurred in this case. Rather, the circuit court grounded its denial of petitioner's motion in its finding that "petitioner has a criminal history," for which he was "serving a significant sentence" of incarceration. As petitioner himself points out, while his sentence is substantial, he enjoys the possibility of being paroled at some future date once he becomes eligible. Therefore, we conclude that the circuit court properly denied petitioner's motion under West Virginia Code § 48-27-511 to expunge law enforcement records and seal court records regarding the domestic violence petitions filed against him from 2004 through 2010.

For the foregoing reasons, we affirm the circuit court's February 7, 2018, order denying petitioner's motion to expunge law enforcement records and seal court records in the various cases where women have sought a domestic violence protective order against him.

Affirmed.

**ISSUED**:   June 7, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

4