# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**APPALACHIAN BOILER & FAB, LLC,**
**Employer Below, Petitioner**

**FILED**
**April 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-219**          (JCN: 2019023975)

**JUDITH A. CARUTHERS, DEPENDENT OF**
**JOHNNY A. CARUTHERS (DECEASED),**
**Claimant Below, ALBERICI MID**
**ATLANTIC WV LLC, and WEST**
**VIRGINIA OFFICES OF THE INSURANCE**
**COMMISSIONER, in its capacity as**
**administrator of the Old Fund, Respondents**

## MEMORANDUM DECISION

Petitioner Appalachian Boiler & Fab, LLC ("Appalachian") appeals the October 3, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondents Judith Caruthers, Alberici Mid Atlantic WV LLC ("Alberici"), and the West Virginia Offices of the Insurance Commissioner, in its capacity as administrator of the Old Fund, ("Old Fund") filed timely responses.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's May 14, 2019, order and ordering that Ms. Caruthers' application for fatal dependents' benefits be granted and that Appalachian be recognized as the chargeable employer in the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Claimant Judy Caruthers filed a claim against Appalachian on April 15, 2019, for occupational disease dependent death benefits after the April 29, 2018, death of her

---

[1] Petitioner is represented by James W. Heslep, Esq. Respondent Caruthers is represented by R. Dean Hartley, Esq. and James C. Wright, Esq. Respondent Alberici is represented by Joni M. Mangino, Esq. and Aaron H. Weiss, Esq. Respondent Old Fund is represented by Sean Harter, Esq.

1

husband, Johnny A. Caruthers. At age 62, Mr. Caruthers was diagnosed with myelodysplastic syndrome ("MDS") with rapid progression to acute myeloid leukemia ("AML") on August 27, 2017. Mr. Caruthers reportedly had no family history of blood diseases, or any other medical history related to his development of MDS or AML. He worked at the same Nitro, West Virginia, plant for over thirty years, from about 1975 to 2014. During that period, he performed the same basic functions as a mechanic, fabricator, and painter from 1976 to 1986, and again from 1989 to 2014. Over the years, the plant changed ownership multiple times, with Appalachian being the last owner and employer of record when Mr. Caruthers retired in September of 2014. Ms. Caruthers alleged that her husband was exposed to benzene and benzene-containing products during his employment which caused him to develop MDS and AML, and which eventually caused his death.

The claim administrator for Appalachian issued an order dated May 14, 2019, denying the claim based upon the finding that there did not appear to have been any exposure to benzene or benzene-containing products with "this employer." The date of last exposure was listed as September 17, 2014, the date of Mr. Caruthers' retirement. Ms. Caruthers protested.

During the ensuing appeal, an order dated January 29, 2021, was issued ordering additional previous owners of the plant who had employed Mr. Caruthers to be added as potentially chargeable employers in Ms. Caruthers' claim, including Alberici, who had employed Mr. Caruthers from 2003 through 2005.

The Old Fund submitted an insurance First Report of Injury form dated April 15, 2019, which indicated that Mr. Caruthers developed AML as a result of his occupational exposure to chemicals. This report identified Mr. Caruthers' date of last exposure as September 17, 2014, the date of his retirement.

Also submitted into the appellate record were numerous documents evidencing Mr. Caruthers' exposure to benzene and benzene-containing products during his employment, including discovery responses in the workers' compensation claim, as well as discovery documents and expert materials exchanged in parallel civil litigation in the Circuit Court of Putnam County, West Virginia. These documents and discovery responses included summaries of statements from Mr. Caruthers prior to his death regarding his exposure to various chemicals, solvents, paints, washers, adhesives, and other products during his employment from 1976 through 2014. Mr. Caruthers was interviewed by an industrial hygienist safety expert, Stephen Petty, PE, CIH, CSP, on December 14, 2017, about his employment and his exposure to benzene during his employment until retirement. Mr. Petty produced an interview summary and an outline of intended opinions that included over 550 pages of data and other information supporting his opinion that Mr. Caruthers experienced intense and frequent dermal and inhalation exposures to benzene. Deposition transcripts from Mr. Caruthers' older brother, Larry Caruthers, who worked with him at the plant from 1971 through 1997, were also introduced. Larry Caruthers testified about

his brother's health, job duties, use of personal protective equipment, and exposure to various chemicals and fumes during his employment. The deposition transcript of another co-worker, William Garnes, was introduced to provide testimony regarding working conditions from approximately 1978 through 1986 when the two men worked together. Finally, reports from numerous other experts were produced, including those by a hematologist, an oncologist, a toxicologist, and an occupational health services medical specialist, regarding their medical and scientific opinions that Mr. Caruthers' fatal disease was caused by his work-related exposure to benzene.

The Board considered the evidence submitted and the closing arguments of the parties and found that the weight of the evidence established that Mr. Caruthers' occupational exposure to benzene materially contributed to his death. This was supported by the medical records establishing that Mr. Caruthers was diagnosed with MDS and AML and died as a result of AML. Further, the Board found that his occupational exposure to benzene was established by discovery responses, the deposition testimony of Larry Caruthers and William Garnes, and the interview summary and opinion outline of Stephen Petty. The Board further found that the expert reports supported the conclusion that Mr. Caruthers' cumulative occupational exposures to benzene-containing products substantially contributed to or caused his development of MDS and AML, and there was no medical evidence of record to refute those opinions. Therefore, the Board found that the weight of the evidence established that Mr. Caruthers' occupation materially contributed to his death. Accordingly, the Board held that the claim administrator's order of May 14, 2019, must be reversed insofar as it denied Ms. Caruthers' application for fatal dependents' benefits.

Second, the Board considered the issue of chargeability. The Board found that the weight of evidence indicated that Mr. Caruthers continued to have occupational exposure to benzene-containing products until his retirement in 2014, citing to examples such as Larry Caruthers' and William Garnes' testimony that Mr. Caruthers continued working as a painter at the Nitro facility after 2006, and Ms. Caruthers' discovery responses indicating that Mr. Caruthers' primary duties at the time of his retirement involved "fabrication and painting." According to Stephen Petty's opinion outline of November 30, 2020, Mr. Caruthers' painting activities at the Nitro facility required the use of benzene-containing products, and the Board found there was no evidence to support a finding that Mr. Caruthers' painting activities or the products he used to perform those activities changed in any material degree or manner between 1975 and 2014. Accordingly, the Board found that the weight of the evidence established that Mr. Caruthers was more likely than not exposed to benzene and/or benzene-containing products in the course of and resulting from his employment up until the day he retired from the Nitro facility in 2014.

Mr. Caruthers' final employer in 2014 was Appalachian. The Board noted that West Virginia Code § 23-4-1(f) (2021) confers discretion upon the Insurance Commissioner to allocate and divide any charges resulting from the claim among the employers by whom

the claimant was employed, and in exercising its statutory discretion, the Insurance Commissioner has chosen not to allocate and divide charges for a claim.[2] Therefore, the Board found that as the weight of the evidence established that Mr. Caruthers was last exposed to the hazards of benzene during his employment with Appalachian, Appalachian is the appropriate chargeable employer in this claim. The Board noted Appalachian's arguments in support of the claim administrator's denial of the claim but found them unpersuasive. Accordingly, the Board ordered the claim administrator's May 14, 2019, order be reversed, that Ms. Caruthers' application for benefits be granted, and that Appalachian be recognized as the chargeable employer in the claim. It is from this order that Appalachian now appeals.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under West Virginia Code § 23-5-12a(b) (2022), as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1)    In violation of statutory provisions;
> (2)    In excess of the statutory authority or jurisdiction of the Board of Review;
> (3)    Made upon unlawful procedures;
> (4)    Affected by other error of law;
> (5)    Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6)    Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, __ W. Va. __, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Appalachian argues that the information provided by Ms. Caruthers in her application for benefits and her evidentiary submissions failed to allege that Mr. Caruthers sustained any harmful exposure while he was employed by Appalachian. Further, Appalachian argues that Mr. Caruthers did not personally allege harmful exposure against Appalachian when he was questioned regarding his occupational exposures in 2017. As a result, Appalachian alleges that Ms. Caruthers has not met her burden to

---

[2] This practice was approved by the Supreme Court of Appeals of West Virginia in *Pioneer Pipe, Inc. v. Swain*, 237 W. Va. 722, 726, 791 S.E.2d 168, 172 (2016).

establish a causal connection between Mr. Caruthers' occupational disease and resultant death and his employment with Appalachian, and as a result, the Board erred in reversing the claim administrator's order.

Upon review, we find no error in the Board's conclusions. The evidence of record indicates that Ms. Caruthers specified that her husband's last occupational exposure was September 17, 2014, the date he last worked for Appalachian, thus showing she alleged exposure during his employment with petitioner. Furthermore, the interview summary by Mr. Petty demonstrates that Mr. Caruthers alleged that he was using benzene-containing products through his date of retirement with Appalachian.[3] The weight of the evidence, including Mr. Petty's opinion outline, shows that Mr. Caruthers continued to have occupational exposure to benzene-containing products until the date of his retirement from Appalachian. Consequently, there was no error by the Board in deciding that Ms. Caruthers' application for benefits be granted. Additionally, because there is no allocation of chargeability in West Virginia workers' compensation claims, there was no error by the Board in determining that Appalachian is the chargeable employer in this claim.

Accordingly, we affirm the Board's October 3, 2022, order.

Affirmed.

**ISSUED:** April 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen

Judge Thomas E. Scarr, not participating

---

[3] Mr. Petty's December 14, 2017, Telephone Log from his Interview of Mr. Caruthers states that Mr. Caruthers was exposed to three benzene-containing products during his employment with Appalachian — CRC: Lectra-Motive Electric Parts Cleaner, CRC: QD Electronic Cleaner (Quick Drying Formula), and CRC: Mass Air Flow Sensor Cleaner.