# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Appalachian Boiler & Fab, LLC,**
**Employer Below, Petitioner**

**v.)**  **No. 23-345**  (JCN: 2019023975)
(ICA No. 22-ICA-219)

**Judith A. Caruthers, widow of Johnny A. Caruthers,**
**Claimant Below, Respondent; Alberici Mid Atlantic**
**WV, LLC, Employer Below, Respondent; and West**
**Virginia Office of the Insurance Commissioner, in its**
**capacity as administrator of the Old Fund, Respondent**

# MEMORANDUM DECISION

Petitioner Appalachian Boiler & Fab, LLC ("Appalachian") appeals the April 10, 2023, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Appalachian Boiler & Fab, LLC v. Caruthers*, No. 22-ICA-219, 2023 WL 2863260 (W. Va. Ct. App. Apr. 10, 2023) (memorandum decision). Respondents Judith A. Caruthers, widow of Johnny A. Caruthers, and West Virginia Office of the Insurance Commissioner ("WVOIC"), in its capacity as administrator of the Old Fund, filed timely responses. Respondent Alberici Mid Atlantic WV, LLC ("Alberici") filed a timely summary response.[1] The issue on appeal is whether the ICA erred in affirming the October 3, 2022, decision of the West Virginia Workers' Compensation Board of Review, which (1) reversed the claim administrator's order denying Ms. Caruthers' claim for death benefits following the decedent's death from acute myeloid leukemia, and (2) designated Appalachian as the chargeable employer.

Appalachian asserts that the claim administrator's May 14, 2019, order denying the claim should be reinstated as there were no allegations and no evidence that the decedent was exposed to benzene-containing products during his brief employment by Appalachian.[2] Ms. Caruthers, Alberici, and WVOIC counter by arguing that as Appalachian was the decedent's employer when he was last exposed to benzene-containing products before he retired, the ICA did not err in

---

[1] Appalachian is represented by counsel James W. Heslep. Ms. Caruthers is represented by counsel R. Dean Hartley and James C. Wright. Alberici is represented by counsel Joni M. Mangino and Aaron H. Weiss. WVOIC is represented by counsel Sean Harter.

[2] Benzene exposure is a known cause for acute myeloid leukemia.

affirming the Board of Review because the Board properly (1) awarded death benefits, and (2) designated Appalachian as the chargeable employer pursuant to WVOIC's policy that chargeability will not be allocated or divided among employers. *See Pioneer Pipe, Inc. v. Swain*, 237 W.Va. 722, 791 S.E.2d 168 (2016).

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166 (W. Va. Apr. 22, 2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: September 23, 2024**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn