IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ACNR RESOURCES, INC.,**
**Employer Below, Petitioner**

FILED
**August 6, 2025**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-15**          (JCN: 2024005293)

**RONALD MILLER,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner ACNR Resources, Inc. ("ACNR") appeals the December 11, 2024, order of the Workers' Compensation Board of Review ("the Board"), which reversed the claim administrator's order and granted Respondent Ronald Miller an 8.25% permanent partial disability ("PPD") award for hearing loss. Mr. Miller filed a response.[1] ACNR did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Mr. Miller was employed by the West Virginia Department of Highways ("WVDOH") from 1990 to 2010 and was exposed to occupational noise from heavy equipment and jackhammering as a part of his work duties. He was then employed by ACNR when he worked at the Marshall County Coal Company from March 24, 2012, until his retirement on March 6, 2015. When Mr. Miller worked at the Marshall County Coal Company, he was exposed to loud noises produced by mining equipment. After he left employment with WVDOH but before he began employment with ACNR, Mr. Miller underwent a pre-employment audiogram which appears to have been performed sometime in 2012. This audiogram was performed by Katherine Cain, whose qualifications are not indicated on the form and are unknown.

On July 15, 2023, Mr. Miller filed an Employees' and Physicians' Report of Occupational Hearing Loss which stated that he was first made aware of his noise-induced

---

[1] ACNR is represented by Aimee M. Stern, Esq. Mr. Miller is represented by William B. Gerwig III, Esq.

hearing loss on October 13, 2022, after undergoing an examination by Bruce Sterman, M.D. The audiology assessment performed by Dr. Sterman calculated a 30% impairment due to work-related noise exposure, but Dr. Sterman did not indicate how this impairment was calculated. On November 1, 2023, Mr. Miller was then evaluated by Joedy L. Daristotle, M.D., at the request of the claim administrator. Dr. Daristotle calculated Mr. Miller's overall impairment for hearing loss at 8.25%. Dr. Daristotle then used the undated pre-employment audiogram to calculate that Mr. Miller suffered 2.4% of the overall 8.25% hearing loss impairment since the undated audiogram was performed.

On November 8, 2023, the claim administrator found Mr. Miller's claim for noise-induced hearing loss compensable. On November 13, 2023, the claim administrator granted Mr. Miller a 2.4% PPD award based on Dr. Daristotle's report. Thus, the claim administrator did not compensate Mr. Miller for the remaining 5.85% impairment, which Dr. Daristotle calculated from the pre-employment examination. Mr. Miller then protested the claim administrator's order. On December 11, 2024, the Board reversed the claim administrator's decision and granted Mr. Miller the additional 5.85% impairment for a total 8.25% PPD award. The Board held that the undated pre-employment audiogram did not meet the evidentiary requirements of West Virginia Code of State Rules § 85-20-47 (2006) and the 5.85% deduction was an impermissible allocation of hearing loss to a prior employer. It is from this order that ACNR now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, ACNR asserts one assignment of error and argues the Board erred in concluding that the claim administrator's deduction of 5.85% from the total 8.25% impairment determined by Dr. Daristotle constituted an impermissible allocation. ACNR argues instead that this was an appropriate apportionment under West Virginia Code § 23-4-9b (2003). We disagree. West Virginia Code § 23-4-6b (2009) determines the degree of PPD "[i]n all claims for occupational hearing loss caused by either a single incident of trauma or by exposure to hazardous noise in the course of and resulting from employment . . . ." When a claimant files a hearing loss claim, "[t]he Insurance Commissioner may allocate to and divide any charges resulting from the claim among the employers with whom the claimant sustained exposure to hazardous noise for as much as sixty days during the period of three years immediately preceding the date of last exposure." W. Va. Code § 23-4-6b(g). "[T]he Insurance Commissioner has interpreted this statutory language as being discretionary, not mandatory" and "has, in light of this discretionary language, chosen not to allocate and divide charges for hearing loss claims." *Pioneer Pipe, Inc. v. Swain*, 237 W. Va. 722, 724-25, 791 S.E.2d 168, 170-71 (2016). Instead, "the Insurance Commissioner's policy is that the sole chargeable employer is the one that employed the claimant on his or her date of last exposure to hazardous noise." *Id.*

This case presents the same issue the Supreme Court of Appeals of West Virginia ("SCAWV") addressed in *Pioneer Pipe*. In *Pioneer Pipe*, the SCAWV found no conflict between the Insurance Commissioner's decision not to allocate and the controlling statute. It further held that the Insurance Commissioner's decision not to allocate was a permissible exercise of its discretion and "an informed judgment based upon a body of experience." *Id.* at 727, 791 S.E.2d at 173. In this case, it is undisputed that Mr. Miller only worked for ACNR during the three years immediately preceding the date of his last exposure to occupational noise. As a result, ACNR is responsible for all hearing impairment related to Mr. Miller's occupational noise exposure.

In addition, we agree with the Board that Mr. Miller is entitled to 8.25% PPD. The Board correctly found that the 2012 audiogram did not meet the requirements set forth in West Virginia Code of State Rules § 85-20-47 (2006). Further, as noted by the Board, Dr. Daristotle did not make a finding that Mr. Miller suffered any impairment unrelated to noise induced hearing loss. Without a showing of non-noise induced hearing loss, there is no basis for reducing the award as suggested by ACNR.

Accordingly, we affirm the Board's December 11, 2024, order.

Affirmed.

**ISSUED:** August 6, 2025

3

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White