# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 3, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**ALTIVIA SERVICES, LLC,**
**Employer Below, Petitioner**

**v.)  No. 25-ICA-206**      (JCN: 2023022442)

**JAMES BOSTER,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Altivia Services, LLC ("Altivia") appeals the March 18, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent James Boster timely filed a response.[1] Altivia did not reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order and holding the claim compensable for occupational noise-induced hearing loss with Altivia as the chargeable employer.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Boster completed an Employees' and Physicians' Report of Occupational Hearing Loss dated March 30, 2023. Mr. Boster reported exposure to excessive noise while working in the following positions: as an operator for Rhone-Poulenc/Union Carbide from 1987 to 1996; as an operator for Aventis from 1996 to 2011; as an operator and RESS Tech for Bayer CropScience from 2000 to 2011; as an ESS Tech for Dow Chemical from 2011 to 2019; and an operator for Altivia from 2019 to 2022. Mr. Boster stated that he began working for Lanxess on February 14, 2022, which had smaller scaled operations than those of his previous employers. Mr. Boster indicated that he was exposed to loud occupational noise while working around diesel and electric pumps, centrifuges, grinding mills, blowers, and air and steam lines over a period of thirty-six years. Mr. Boster stated that he wore hearing protection while working for Lanxess, Altivia, Dow, Bayer, Aventis, and Rhone-Poulenc/Union Carbide.

---

[1] Altivia is represented by T. Jonathan Cook, Esq. Mr. Boster is represented by Edwin H. Pancake, Esq.

On October 16, 2023, the claim administrator issued an order rejecting the claim for occupational hearing loss benefits on the basis that Mr. Boster was not exposed to hazardous occupational noise during his employment with Altivia, and because of his continued work for a new employer in the same industry subsequent to his employment with Altivia. Mr. Boster protested this order to the Board.

Mr. Boster was deposed regarding his claim on December 5, 2023, and testified that he was currently working for Lanxess at the Institute site, which is owned by Altivia. Lanxess makes a liquid product, and Mr. Boster indicated that his job mostly involves transferring chemicals. Mr. Boster testified that he is also responsible for operating water pumps at Lanxess, which produce approximately 25 to 35 horsepower, and are about the size of a small ice chest. Mr. Boster indicated that the equipment and pumps are much smaller at Lanxess than those at Altivia and that he is not around the pumps for an extended time.

Regarding noise exposure at Altivia, Mr. Boster testified that he was responsible for testing the fire pumps weekly, and the NPFA rules required him to remain with the pump for an extended time. Mr. Boster indicated that the water pumps at Altivia were housed in a concrete bunker and produced between 150 to 200 horsepower. Between four and six pumps would run at the same time. Mr. Boster stated that the noise level from the pump was similar to a tractor-trailer engine running wide open. Mr. Boster testified that he spent around 40% of his time at Altivia working in an office, and about 60% of his time working in the plant around the pumps. Mr. Boster stated that about a year and a half after he started working for Altivia, they performed noise monitoring of some of the water pumps and instructed employees to double their hearing protection. Mr. Boster indicated that he voluntarily chose to leave Altivia and begin work for Lanxess for health reasons, specifically the lower occupational noise levels at Lanxess.

By order dated March 18, 2025, the Board reversed the claim administrator's order and held the claim compensable for occupational noise-induced hearing loss with Altivia as the chargeable employer. The Board found that Mr. Boster established by a preponderance of the evidence that (1) he has occupational noise-induced hearing loss, (2) his date of last exposure to the hazards of occupational noise occurred on February 7, 2022, and (3) Altivia is the proper chargeable employer in the claim. It is from this order that Altivia now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the

petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Altivia argues that the Board erred in failing to consider Mr. Boster's exposure to hazardous noise while employed by Lanxess. Further, Altivia asserts that the Board misapplied the standard established in *Pioneer Pipe v. Swain*, 237 W. Va. 722, 791 S.E.2d 168 (2016), in designating Altivia as the chargeable employer. Finally, Altivia avers that the Board's conclusion that Altivia is the chargeable employer is not supported by substantial evidence and fails to consider the totality of the record. We disagree.

In a claim for noise-induced occupational hearing loss, "a 'hazard,' as contemplated by the Workers' Compensation Act, exists in any work environment where unusual or excessive noise is shown to be present." Syl., *Hannah v. Workers' Comp. Comm'r*, 176 W. Va. 608, 346 S.E.2d 757 (1986). Further, when a claimant files a hearing loss claim, West Virginia Code § 23-4-6b(g) (2009) provides that "[t]he Insurance Commissioner may allocate and divide any charges resulting from the claim among employers with whom the claimant sustained exposure to hazardous noise for as much as sixty days during the period of three years immediately preceding the date of last exposure." "[T]he Insurance Commissioner has interpreted this statutory language as being discretionary, not mandatory" and "has, in light of this discretionary language, chosen not to allocate and divide charges for hearing loss claims." *Pioneer Pipe, Inc.*, 237 W. Va. at 724-25, 791 S.E.2d at 170-171. Instead, "the Insurance Commissioner's policy is that the sole chargeable employer is the one that employed the claimant on his or her last date of exposure to hazardous noise." *Id.* at 725, 791 S.E.2d at 171.

Here, the Board found that Altivia's assertion that Mr. Boster was not exposed to hazardous levels of noise while working at Altivia is not supported by the weight of the evidence of record. The Board found that Mr. Boster's testimony established that he was last exposed to significant levels of loud noise while working for Altivia, and that Altivia submitted no credible evidence to refute his testimony. Although Mr. Boster acknowledged in his testimony that there is some level of occupational noise at Lanxess, there is no evidence of record to support Altivia's assertion that Mr. Boster was exposed to hazardous

levels of noise while at Lanxess. Further, the Board specifically found that Mr. Boster's testimony was credible. We defer to the Board's credibility determinations and weighing of the evidence. *See Martin v. Randolph Cnty. Bd. of Educ.*, 195 W. Va. 297, 306, 465 S.E.2d 399, 408 (1995) ("We cannot overlook the role that credibility places in factual determinations, a matter reserved exclusively for the trier of fact. We must defer to the ALJ's credibility determinations and inferences from the evidence. . . .").

Moreover, as the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in holding Mr. Boster's claim compensable for occupational noise-induced hearing loss with Altivia as the chargeable employer.

Accordingly, we affirm the Board's March 18, 2025, order.

Affirmed.

**ISSUED:** February 3, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

4