# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**ACNR Resources, Inc.,**
**Employer Below, Petitioner**

**v.)**     **No. 25-662**   (JCN: 2024005293)
                                  (ICA No. 25-ICA-15)

**Ronald Miller,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner ACNR Resources, Inc. appeals the August 6, 2025, decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See ACNR Resources, Inc. v. Miller*, No. 25-ICA-15, 2025 WL 2238267 (W. Va. Ct. App. Aug. 6, 2025) (memorandum decision). Respondent Ronald Miller filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the December 11, 2024, decision of the West Virginia Workers' Compensation Board of Review, which reversed the claim administrator's November 13, 2023, order granting 2.4% permanent partial disability for occupational hearing loss. Instead, the Board of Review granted 8.25% permanent partial disability. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21.

The employer asserts that, before it hired the claimant in 2012, a preemployment hearing test was performed. The 2012 audiogram showed that the claimant had a 5.85% hearing impairment. When the claimant saw Joedy L. Daristotle, M.D., in November 2023, that hearing test showed that the claimant had an 8.25% hearing impairment. Given the prior audiogram showing a 5.85% hearing impairment in 2012, the employer argues that Dr. Daristotle properly deducted that preexisting hearing impairment from the 8.25% hearing impairment shown on the 2023 audiogram. Therefore, the employer argues that this Court should reverse the ICA and reinstate the claim administrator's order granting 2.4% permanent partial disability for occupational hearing loss. The claimant counters by arguing that in Syllabus Point 2 of *Pioneer Pipe, Inc. v. Swain*, 237 W. Va. 722, 791 S.E.2d 168 (2016), this Court held that West Virginia Code § 23-4-6b(g) provides that the Insurance Commissioner has the discretion to decide "whether to allocate and divide charges for a hearing loss claim between various employers, or to charge

---

[1] The employer appears by counsel Aimee M. Stern, and the claimant appears by counsel William B. Gerwig III.

1

only one employer." Thus, under the Insurance Commissioner's policy upheld in *Pioneer Pipe*, because the employer employed the claimant on his date of last exposure to hazardous levels of noise, the employer is charged with all of the claimant's occupational hearing loss. Therefore, the claimant argues that the Board of Review, as affirmed by the ICA, properly reversed the claim administrator and granted the claimant 8.25% permanent partial disability for occupational hearing loss.

In addition to basing its decision on *Pioneer Pipe*, the Board of Review also found that the 2012 audiogram, upon which the employer relies to show that the claimant already had hearing impairment at the time it hired him, was unreliable. In affirming the Board of Review's decision, the ICA stated that "[t]he Board correctly found that the 2012 audiogram did not meet the requirements set forth in [W. Va. Code R.] § 85-20-47[.1] (2006)." *ACNR Resources*, 2025 WL 2238267 at *3.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: February 13, 2026**


**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III